NORTHFIELD INSURANCE COMPA-
NY and Certain Underwriters at
Lloyd's of London, Plaintiffs–Appel-
lees,

v.

KENTUCKY ASSOCIATION OF
COUNTIES ALL LINES FUND
TRUST, Defendant–Appellee,

and

Franklin County, Kentucky,
Defendant–Appellant.

No. 04–5103.

United States Court of Appeals,
Sixth Circuit.

March 23, 2005.

Douglas W. Langdon, Frost, Brown &
Todd, Louisville, KY, Matthew R. Wilder-
muth, Steven D. Pearson, Meckler, Bulger
& Tilson, Chicago, IL, for Plaintiffs–Appel-
lees.

Edward F. Busch, Richard M. Sullivan,
Kenneth A. Bohnert, Conliffe, Sandmann
& Sullivan, Louisville, KY, for Defendant–
Appellant.

Pamela Adams Chesnut, Robert E. Ma-
cLin, III, McBrayer, McGinnis, Leslie &
Kirkland, Lexington, KY, for Defendant–
Appellee.

Before COLE and GILMAN, Circuit
Judges; and POLSTER, District Judge.[*]

OPINION

GILMAN, Circuit Judge.

Franklin County, Kentucky incurred lia-
bility in excess of $5 million when its
County Jailor, Hunter Hay, sexually ha-
rassed and retaliated against a number of
employees at the Franklin County Jail.
During the period of this illegal conduct,
Franklin County was insured through the
Kentucky Association of Counties All
Lines Fund (KALF), a self-insurance pro-
gram administered by a nonprofit corpora-
tion representing the various counties in
Kentucky. KALF in turn purchased sev-
eral excess-liability insurance policies from
Northfield Insurance Company and from
certain underwriters at Lloyds of London
to reinsure the risks that it underwrote.

Seeking a declaratory judgment that
they had no duty to indemnify Franklin
County for any of the claims arising from
Hay's conduct at the jail, the three insur-
ers brought the present action. The dis-
trict court granted summary judgment in
their favor and dismissed Franklin Coun-
ty's counterclaims.

On appeal, Franklin County argues that
the district court erred in ruling that (1)
the insurers had no duty to indemnify the

[*] The Honorable Dan Aaron Polster, United
States District Judge for the Northern District
of Ohio, sitting by designation.

County because the illegal conduct was excluded from coverage as an "intentional tort" that the County knowingly failed to correct upon discovery, (2) the County was not entitled to reimbursement for the $537,000 in settlements it paid without KALF's prior written consent, and (3) KALF had not violated Kentucky insurance laws in the drafting, marketing, and sale of its insurance policies.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we conclude that the district court did not err in granting summary judgment to the insurers. Because the reasoning that supports the judgment for the insurers has been clearly articulated by the district court in a thorough and comprehensive 35–page decision, the issuance of a detailed written opinion by us would be unduly duplicative. Accordingly, the judgment rendered by the Honorable Joseph M. Hood, United States District Court Judge for the Eastern District of Kentucky at Frankfort, is **AFFIRMED** on the basis of the reasoning detailed in his Memorandum Opinion and Order dated October 29, 2003.